# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ERIC WEINER, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br>   v.<br><br>TIVITY HEALTH, INC., DONATO TRAMUTO, GLENN HARGREAVES and ADAM HOLLAND,<br><br>  Defendants. | Case No.: 3:17-cv-01469 |

**MEMORANDUM OF LAW IN SUPPORT OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

## **TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ................................................................................................ 2

II. ARGUMENT .................................................................................................................... 3

    A.    Oklahoma Firefighters Satisfies the Procedural Requirements for Appointment as Lead Plaintiff ................................................................................ 3

    B.    Oklahoma Firefighters Satisfies the Legal Prerequisites for Appointment as Lead Plaintiff ............................................................................................................ 4

        1.    Oklahoma Firefighters is Presumptively the Most Adequate Plaintiff ................................................................................................ 4

        2.    Oklahoma Firefighters Satisfies the Requirements of Rule 23 ................... 5

    C.    The Court Should Appoint Cohen Milstein as Lead Counsel and Branstetter Stranch as Liaison Counsel ................................................................ 7

III. CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Am. Med. Sys., Inc.*,
   75 F.3d 1069 (6th Cir. 1996) ............................................................................................6

*Beattie v. CenturyTel, Inc.*,
   511 F.3d 554 (6th Cir. 2007) ..............................................................................................6

*Blitz v. AgFeed Indus., Inc.*,
   No. 3:11-0992, 2012 WL 1192814 (M.D. Tenn. Apr. 10, 2012) ........................................6

*In re Braskem S.A. Sec. Litig.*,
   2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015).....................................................................8

*Farrah v. Provectus Biopharmaceuticals, Inc.*,
   68 F. Supp. 3d 800 (E.D. Tenn. 2014) ...............................................................................6

*In re Omnivision Techs., Inc. Sec. Litig.*,
   No. 2015 WL 12953228 (N.D. Cal. Mar. 4, 2015) ............................................................8

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
   No. 07-02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ....................................7, 8

*Senter v. Gen. Motors Corp.*,
   532 F.2d 511 (6th Cir. 1976) ..............................................................................................6

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   No. 14 CIV. 2814 (ER), 2015 WL 1499657 (S.D.N.Y. Mar. 27, 2015).............................8

Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters" or "Movant"), respectfully moves this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order appointing Oklahoma Firefighters as Lead Plaintiff, on behalf of itself and all others similarly situated who purchased securities of Tivity Health, Inc. ("Tivity" or the "Company") between February 24, 2017, and November 3, 2017, inclusive (the "Class Period"). Oklahoma Firefighters also seeks appointment of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel and Branstetter, Stranch & Jennings, PLLC ("Branstetter Stranch") as Liaison Counsel.

The above-captioned action (the "Action") has been filed against Tivity, Donato Tramuto ("Tramuto"), the Company's Chief Executive Officer ("CEO") throughout the Class Period, Glenn Hargreaves ("Hargreaves"), the Company's Chief Interim Financial Officer ("CIFO") from the beginning of the Class Period until June 14, 2017, and Adam Holland ("Holland"), the Company's Chief Financial Officer ("CFO") from June 14, 2017 to the end of the Class Period (collectively referred to as "Defendants," and Tramuto, Hargreaves, and Hollard collectively referred to as "Individual Defendants"). The Action arises out of Defendants' alleged misrepresentations and omissions regarding an important business segment, namely the Company's SilverSneakers senior fitness program, during the Class Period.

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a strong presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As such, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation. 15 U.S.C. § 78u-(a)(3)(B)(iii)(I)(bb). Oklahoma Firefighters' losses amount to approximately $107,969.93[1] during the Class Period as a result of Defendants' conduct. Oklahoma Firefighters is unaware at this time of any other movant with a greater loss. Thus, Oklahoma Firefighters is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because it has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant also seeks appointment of Cohen Milstein as Lead Counsel and of Branstetter Stranch as Liaison Counsel. Cohen Milstein and Branstetter Stranch both have experience prosecuting securities class actions such as this one and are qualified to serve as Lead Counsel and Liaison Counsel respectively.

## I. FACTUAL BACKGROUND

On November 20, 2017, plaintiff Eric Weiner filed a class action complaint (the "Complaint") against Defendants in the United States District Court for the Middle District of Tennessee. The Complaint asserts claims under §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and § 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5, for false and misleading statements made by Defendants during the Class Period.

---

[1] Movant's losses, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question that generally cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the executed certification required under Section 21D of the Exchange Act, and based upon reference to information concerning the market for Tivity securities. *See* Declaration of Steven J. Toll in Support of Oklahoma Firefighters Pension and Retirement System's Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel ("Toll Decl."), Exs. B, C.

2

Case 3:17-cv-01469   Document 17   Filed 01/19/18   Page 5 of 14 PageID #: 86

Tivity is a fitness program provider focused on targeted population health for people aged 50 and older. It is a Delaware corporation headquartered at 701 Cool Springs Boulevard, Franklin, TN 37067. Its common stock trades on the NASDAQ under the symbol "TVTY."

During the Class Period, Tivity made materially false and/or misleading statements, misrepresenting the SilverSneakers program's business prospects and its contract renewal negotiations with the United Healthcare, Inc.—one of its most important customers. As a result, Tivity repeatedly artificially inflated the price of its securities.

As the truth was revealed on November 6, 2017, Tivity's stock price declined $16.45, or nearly 34.24%, from a close of $48.05 per share on November 3, 2017, to a close of $31.60 per share on November 6, 2017.

## II.  ARGUMENT

The Court should appoint Oklahoma Firefighters, an institutional investor, as Lead Plaintiff in this Action. Oklahoma Firefighters satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff. Movant also seeks appointment of Cohen Milstein as Lead Counsel and of Branstetter Stranch as Liaison Counsel. Both Cohen Milstein and Branstetter Stranch are qualified and experienced in handling complex securities fraud actions such as this.

**A.     Oklahoma Firefighters Satisfies the Procedural Requirements for Appointment as Lead Plaintiff**

The Exchange Act, 15 U.S.C. § 78u-4, establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead

plaintiff within 60 days of the date of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on November 20, 2017. Toll Decl., Ex. A.

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on January 19, 2018. Oklahoma Firefighters has moved within the statutory 60-day time period. Its Motion contains the required certification setting forth, *inter alia*, Oklahoma Firefighters' transactions in Tivity securities during the Class Period, and indicates that Oklahoma Firefighters has reviewed the Complaint and is willing to serve as a representative party on behalf of the class. 15 U.S.C. § 78u-4(a)(2); Toll Decl., Ex. B. In addition, Movant has selected and retained competent and experienced counsel, as set forth in counsel's resume. *See* Toll Decl., Exs. D and E. As demonstrated in their resumes, Cohen Milstein and Branstetter Stranch have developed excellent reputations for successfully prosecuting federal securities law claims throughout the country.

The PSLRA provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Oklahoma Firefighters respectfully submits it is the "member[] of the purported plaintiff class . . . most capable of adequately representing the interests of class members," as called for by the PSLRA. *Id*. at § 78u-4(a)(1).

**B.     Oklahoma Firefighters Satisfies the Legal Prerequisites for Appointment as Lead Plaintiff**

**1.     Oklahoma Firefighters is Presumptively the Most Adequate Plaintiff**

4

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides specific directions for the Court to select the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the "person or group of persons that . . . has . . . made a motion [to serve as lead plaintiff]; . . . has the largest financial interest in the relief sought by the class; and . . . otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may only be rebutted by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such issues exist that could rebut the presumption that Oklahoma Firefighters is the most adequate plaintiff.

Oklahoma Firefighters is ideally qualified for appointment. During the Class Period, Movant suffered losses of approximately $107,969.93 from its purchases of Tivity securities. Toll Decl., Ex. C. Absent another movant with a greater financial interest, Oklahoma Firefighters is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Further, Oklahoma Firefighters is both qualified to represent the class and willing to serve as a representative party. Finally, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one. Accordingly, Oklahoma Firefighters satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and its motion for appointment should be granted.

### 2. Oklahoma Firefighters Satisfies the Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of

the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Blitz v. AgFeed Indus., Inc.*, No. 3:11-0992, 2012 WL 1192814, at *1 (M.D. Tenn. Apr. 10, 2012); *Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 804 (E.D. Tenn. 2014). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). For purposes of appointment as lead plaintiff, however, a wide-ranging analysis under Fed. R. Civ. P. 23 is not necessary. All that is required is a *prima facie* showing that the proposed lead plaintiff will satisfy the requirements of typicality and adequacy. *See Farrah*, 68 F. Supp. 3d at 806.

A party's claim satisfies the typicality requirement of Fed. R. Civ. P. 23(a)(3) if "it arises from the same event or practice or course that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (citing *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). A typical claim "need not always involve the same facts or law, provided there is a common element of fact or law." *Id.* at 561 (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n. 31 (6th Cir. 1976)). The typicality requirement is plainly satisfied here, where Oklahoma Firefighters seeks the same relief and advances the same legal theories as all class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied by a showing that the moving party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The purpose of the adequacy requirement is to ensure there are no conflicts of interest between the purported lead plaintiff and the other class members." *Farrah*, 68 F. Supp. 3d at 805 (citing *Beattie*, 511 F.3d at 562).

6

Oklahoma Firefighters is an adequate representative for the class. First, Oklahoma Firefighters is a sophisticated institutional investor, which is preferred under the PSLRA. *E.g.*, *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *6 (W.D. Tenn. Dec. 15, 2010) ("One of the main purposes Congress sought to advance when enacting the PSLRA was to promote the appointment of institutional investors as lead plaintiffs."). Movant, moreover, does not have interests adverse to those of the class and purchased Tivity securities during the Class Period. Like other putative class members, Oklahoma Firefighters suffered losses in the form of diminution of the value of its Tivity securities upon disclosure of the alleged fraud. Furthermore, as a result of Oklahoma Firefighters' significant financial stake in this action, it will vigorously advocate on behalf of the class. Finally, Movant has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## C.     The Court Should Appoint Cohen Milstein as Lead Counsel and Branstetter Stranch as Liaison Counsel

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Oklahoma Firefighters has selected Cohen Milstein to serve as Lead Counsel.

Appointing Cohen Milstein as Lead Counsel and Branstetter Stranch as Liaison Counsel would be prudent to protect the interests of the class. As detailed in their firm resumes, Toll Decl., Exs. D and E, both firms have expertise and experience in the field of securities litigation. Cohen Milstein has successfully prosecuted securities fraud class actions across the country and

7

has obtained excellent recoveries on behalf of defrauded investors. *See also, e.g.*, *In re Braskem S.A. Sec. Litig.*, 2015 WL 5244735, at *6 (S.D.N.Y. Sept. 8, 2015) (appointing Cohen Milstein as lead counsel because its "experience litigating securities class actions [makes it] … qualified to serve as lead counsel"); *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, No. 14 CIV. 2814 (ER), 2015 WL 1499657, at *11 (S.D.N.Y. Mar. 27, 2015) ("The firm's resume indicates that it has extensive experience in the field of securities litigation, and that it has successfully prosecuted numerous securities fraud class actions. … The Court concludes that Cohen Milstein is qualified to serve as lead counsel for plaintiffs and approves Ordway's selection."). T

Similarly, Branstetter Stranch has been appointed lead and/or liaison counsel in numerous securities class actions and have obtained excellent results on behalf of defrauded investors. *See e.g.*, *In re Omnivision Techs., Inc. Sec. Litig.*, No. 2015 WL 12953228, at *1 (N.D. Cal. Mar. 4, 2015) (Branstettter Stranch acting as co-lead counsel in securities class action that resulted in multi-million-dollar settlement); *In re Regions*, 2010 WL 5173851, at *14 (W.D. Tenn. Dec. 15, 2010) (appointing Branstetter Stranch as Liaison Counsel in securities class action).

Thus, the Court can be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA and Exchange Act. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

### III. CONCLUSION

Based on the foregoing, Oklahoma Firefighters respectfully requests that the Court: (i) appoint Oklahoma Firefighters as Lead Plaintiff; (ii) appoint Cohen Milstein as Lead Counsel and Branstetter Stranch as Liaison Counsel; and (iii) grant such other relief as the Court may deem to be just and proper.

Dated: January 19, 2018						Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR #23045)
Benjamin A. Gastel (BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@bsjfirm.com
bgastel@bsjfirm.com

*Proposed Liaison Counsel*

Steven J. Toll
Times Wang
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue N.W.
Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstien.com
twang@cohenmilstein.com

*Counsel for Movant Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Proposed Class*

9

# CERTIFICATE OF SERVICE

I certify that on this 19th day of January, 2018, I electronically filed the foregoing document using the Court's CM/ECF system, and a copy of this filing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. The following counsel will receive service via the Court's CM/ECF system at the email addresses listed below:

Eduard Korsinsky
Levi & Korsinsky, LLP
30 Broad Street
24th Floor
New York, NY 10004
(212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

James A. Holifield , Jr.
Holifield Janich Rachal & Associates, PLLC
11907 Kingston Pike
Suite 201
Knoxville, TN 37934
(865) 566-0115
Fax: (865) 566-0119
Email: aholifield@holifieldlaw.com

*Attorneys for Plaintiff Eric Weiner*

Jessica Perry Corley
Lisa R. Bugni
Alston & Bird LLP (Atlanta Office)
One Atlantic Center
1201 W Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000
Fax: (404) 881-7777
Email: jessica.corley@alston.com
Email: lisa.bugni@alston.com

Joseph B. Crace Jr.
Wallace Wordsworth Dietz
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800

Nashville, TN 37201
(615) 742-7896
Fax: (615) 742-2700
Email: jcrace@bassberry.com
Email: wdietz@bassberry.com

*Attorneys for the Defendants*

                                        */s/ J. Gerard Stranch, IV*
                                        J. Gerard Stranch, IV