# EXHIBIT 3

## **Sample of Opinions Rejecting Dr. Gompers' Views on Market Efficiency**

***Courts Frequently Reject Dr. Gompers' Views on Market Efficiency as Inconsistent with the Applicable Legal Standard for Determining Market Efficiency***

| **Case Name** | **Specific Language Referencing Dr. Gompers** |
|---|---|
| *Roofer's Pension Fund v. Papa*, No. CV 16-2805, 2019 WL 6015392, at *15 (D.N.J. Nov. 14, 2019) | In rejecting each of Dr. Gompers' criticisms of the *Cammer* factors, noting that Dr. Gompers' criticism with respect to *Cammer* factor five was "immaterial" and, in any event, "deficiencies in an event study are not determinative of whether a market is efficient." |
| *Monroe Cty. Emps.' Ret. Sys. v. S. Co.*, 332 F.R.D. 370, 383 (N.D. Ga. 2019) | In rejecting Dr. Gompers' view that the first four *Cammer* factors are "totally uninformative," "[t]he Court finds that the *Cammer* and *Krogman* factors provide additional evidence of market efficiency, and, therefore, the Court will address each of the *Cammer* and *Krogman* factors." |
| *Angley v. UTi Worldwide Inc.*, 311 F. Supp. 3d 1117, 1126 (C.D. Cal. 2018) | In rejecting Dr. Gompers' criticism of plaintiff's expert's event study, observing that Dr. Gompers "did not conduct an independent study demonstrating that the market is inefficient and testified he had no opinion as to whether the market for UTi common stock was efficient." |
| *In re: Petrobras Sec. Litig.*, 312 F.R.D. 354, 367, 371 (S.D.N.Y. 2016) *rev'd in part, but aff'd in relevant part in In re Petrobras Sec. Litig.*, 862 F.3d 250 (2d Cir. 2017) | In rejecting Dr. Gompers' view that "the fifth *Cammer* factor . . . is the only factor sufficient to show market efficiency, observing that "[w]hile some language in *Cammer* supports Gompers' view that direct evidence is essential, this Court, which is not bound by *Cammer*, does not agree that only direct evidence is sufficient to demonstrate market efficiency in translating material disclosures into effect on market price. . . . The Supreme Court has rejected Gompers' absolutist view of market efficiency by making clear that 'marker efficiency is a matter of degree.'" (quoting *Halliburton II*). |
| *Willis v. Big Lots, Inc.*, No. 2:12-CV-604, 2017 WL 1074048, at *4 (S.D. Ohio Mar. 17, 2017) | "It may be that many financial economists, including Dr. Gompers, dispute the relevancy of the first four *Cammer* factors to a determination of market efficiency, but the *Cammer* factors nonetheless reflect the legal standard for market efficiency and have been considered by the Sixth Circuit in such determinations." |
| *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 7406418, at *7 (N.D. Cal. Dec. 22, 2016) | In rejecting Dr. Gompers' criticisms of plaintiffs' expert's event study, observing that Dr. Gompers "did [ ] not provide a study or other evidence concluding that the market for [the relevant stock] was not efficient during the class period." |
| *Första AP-Fonden v. St. Jude Med., Inc.*, 312 F.R.D. 511, 521 (D. Minn. 2015) | In rejecting Dr. Gompers' view that a "full-blown event study" is required to demonstrate market efficiency, stating "Defendants ask this Court to impose a burden on plaintiffs that the law does not mandate. Although it is the plaintiff's burden to demonstrate market efficiency, there is no rule that a plaintiff must present direct evidence in the form of a particular type of event study and cannot instead rely on indirect proof." |

| Case Name | Specific Language Referencing Dr. Gompers |
|---|---|
| *In re NII Holdings, Inc. Sec. Litig.*, 311 F.R.D. 401, 413 (E.D. Va. 2015) | In rejecting Dr. Gompers' criticism that an event study provided by Mr. Coffman failed to analyze certain additional news days, stating "[D]efendants[] . . . neither rebut Coffman's findings nor offer any evidence to demonstrate that the market was not efficient. Accordingly, even if the fifth *Cammer* factor were considered weak, the evidence offered in support of the other *Cammer* factors as well as the non-*Cammer* factors is more than sufficient to demonstrate by a preponderance of the evidence that the stocks and bonds at issue traded in an efficient market." |
| *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 94 (S.D.N.Y. 2015) | "There is no doubt the issues raised by Dr. Gompers are relevant to an assessment of efficiency, but [plaintiff's expert] has responded to these criticisms, and Dr. Gompers has not 'offer[ed] an affirmative opinion that the market was inefficient' during the Class Period." |
| *In re Groupon, Inc. Sec. Litig.*, 2015 WL 1043321, at *11 (N.D. Ill. March 5, 2015) | "Defendants' arguments suggest that the fraud-on-the-market presumption requires a *perfectly* efficient market. But this argument was squarely rejected by the *Halliburton* [*II*] Court." |
| *Smilovits v. First Solar, Inc.*, 295 F.R.D. 423, 431 (D. Ariz. 2013) | "Defendants have not identified any authority, binding or otherwise, that has held that common shares traded on the NASDAQ are not traded in an efficient market. Moreover, Defendants' expert, Dr. Gompers, agrees that '[m]ost of the time, . . . stocks traded on large national exchanges are likely to be efficient.'" |
| *Lumen v. Anderson*, 280 F.R.D. 451, 460 (W.D. Mo. 2012) | Defendants "rely on factors that are not legally relevant. This does not mean that Defendants (or their expert, Paul Gompers) are incorrect in what they say—it means that Defendants (and their expert) often describe a different conception of an efficient market than is used by the law." |
| *In re Parmalat Sec. Litig.*, No. 04 MD 1653 (LAK), 2008 WL 3895539, at *10 (S.D.N.Y. Aug. 21, 2008) | Rejecting Dr. Gompers' opinion, noting in part: "Dr. Gompers did no event study to show how [plaintiffs' expert's] analysis would have differed had the claimed flaws in his work been corrected." |
| *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, No. C 01-20418 JW, 2004 WL 5326262, at *5 (N.D. Cal. May 27, 2004) | "Defendants' argument is based upon the expert opinion of Professor Gompers, who has considered each of the Cammer factors, and opines that the market was not efficient. . . . It is enough at this stage of the litigation that Plaintiffs have made essentially a *prima facie* showing that the market was efficient during the relevant period." |
| *In re Ashanti Goldfields Sec. Litig.*, No. CV000717DGT, 2004 WL 626810, at *16 (E.D.N.Y. March 30, 2004) | "[P]roof of market inefficiency, as presented in Professor Gompers' expert report, or rebuttal of the presumption of reliance is best left to the trial phase of litigation . . . . The first prong of Rule 23(b)(3) is satisfied in this case." |


Case 3:17-cv-01469 Document 97-3 Filed 12/20/19 Page 3 of 3 PageID #: 1569