# EXHIBIT 5

# <u>Sample of Opinions Rejecting Dr. Gompers' Views on Class-Wide Damages</u>

| Case Name | Key Language and Takeaways |
|---|---|
| *Monroe Cty. Emps.' Ret. Sys. v. S. Co.*, 332 F.R.D. 370, 399 (N.D. Ga. 2019) | "Defendants and Professor Gompers criticize [plaintiff's expert's] model as 'boilerplate' and . . . too vague to demonstrate that damages can be calculated on a class-wide basis because it does not specify the valuation tools that will be used to implement the model. . . . The Court . . . . [finds plaintiff's model] is sufficient for class certification . . . even though certain of the inputs to that model are not yet ascertainable." |
| *Angley v. UTi Worldwide Inc.*, 311 F. Supp. 3d 1117, 1128-29 (C.D. Cal. 2018) | In rejecting Dr. Gompers' opinion that plaintiff "failed to show [it] can put forward a class-wide damages methodology that is consistent with Plaintiff's allegations," concluding that plaintiff "m[et] its burden of demonstrating damages are calculable on a class-wide basis." |
| *In re: Petrobras Sec. Litig.*, 312 F.R.D. 354, 372 (S.D.N.Y. 2016) *rev'd in part, but aff'd in relevant part in In re Petrobras Sec. Litig.*, 862 F.3d 250 (2d Cir. 2017) | "The Court does not credit Gompers' claim that numeric disclosures have no effect on the prices of Petrobras securities [such that plaintiff's damages model would not be able to calculate an inflation ribbon]." |
| *Luna v. Marvell Tech. Grp., Ltd.*, No. C 15-05447-WHA, 2017 WL 4865559, at *5-6 (N.D. Cal. October 27, 2017) | In rejecting Dr. Gompers' view that plaintiff's damages model was required to address the impact of confounding news, stating "Defendants' arguments . . . misperceives [sic] the holding of *Comcast*. . . . Defendants' argument that [plaintiff's expert] has not shown how he will disaggregate price inflation attributable to confounding events is not, as defendants would have it, an attack on his damages model, but is rather an inquiry into loss causation." |
| *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-CV-00226 YGR, 2016 WL 1042502, at *8, 9 (N.D. Cal. March 16, 2016) | In rejecting Defendants' criticism (which relied on Dr. Gompers' views) that Mr. Coffman's "'out-of-pocket' or 'event study' method" "would not be able to 'disaggregate the price inflation' attributable to various causes, explaining, "Defendants point to potential flaws in Plaintiffs' theories that are ultimately immaterial to class certification." |
| *In re NII Holdings, Inc. Sec. Litig.*, 311 F.R.D. 401, 413-14 (E.D. Va. 2015) | In rejecting Defendants' criticisms (which relied on Dr. Gompers' views) of Mr. Coffman's proposed damages methodology, observing that Mr. Coffman's model used the "standard formula for assessing damages under Rule 10b-5" and concluding "[t]here is no convincing demonstration by the defendants that [Mr. Coffman's model] does not closely hew to Lead Plaintiffs' theory of liability or that such a theory could not be applied class-wide." |