# EXHIBIT A-1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ERIC WEINER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TIVITY HEALTH, INC., DONATO TRAMUTO, GLENN HARGREAVES and ADAM HOLLAND,<br><br>Defendants. | Case No.: 3:17-cv-01469<br><br>Chief Judge Crenshaw<br>Magistrate Judge Newbern<br><br>**Exhibit A-1** |

**NOTICE OF (I) PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND <u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

<u>*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*</u>

**TO:** ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF TIVITY HEALTH, INC. ("TIVITY") BETWEEN MARCH 6, 2017 AND NOVEMBER 6, 2017, INCLUSIVE, AND WERE DAMAGED THEREBY (THE "CLASS").

*PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal right will be affected whether or not you act.*

*If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Tivity, any other Defendants in the Action, or their counsel. All questions should be directed to Class Counsel or the Claims Administrator (see paragraphs 6 and 17 below).*

## TABLE OF CONTENTS

1. Notice of Settlement — Page 3

2. Summary of the Litigation — Page 3

3. Potential Outcome of the Case — Page 3

4. Reasons for Settlement — Page 3

5. Attorneys' Fees and Costs Sought — Page 4

6. Identification of Class Counsel — Page 4

7. The Class Involved in the Proposed Settlement — Page 4

8. The Proposed Settlement — Page 5

9. The Release — Page 5

10. The Proposed Plan of Allocation — Page 6

11. Requesting Exclusion from the Class — Page 11

12. Statement of Attorneys' Fees and Costs Sought — Page 12

13. The Settlement Fairness Hearing — Page 12

14. Exclusion Requests — Page 12

15. Proof of Claim and Release Form — Page 13

16. Special Notice to Brokers and Other Nominees — Page 14

17. Further Information — Page 14

**1.     NOTICE OF SETTLEMENT:** This Notice has been sent to you pursuant to an Order of the United States District Court, Middle District of Tennessee (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $7,500,000 (the "Settlement Amount"). Class Representative estimates there were approximately 12,523,065 allegedly damaged shares of Tivity common stock purchased or otherwise acquired during the Class Period. Pursuant to the Plan of Allocation (*see* paragraph 10 herein), if all affected Tivity shares elect to participate in the Settlement, the average recovery per share could be $0.60 before deduction of any fees, expenses, costs, and reimbursements described herein. The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

**2.     SUMMARY OF THE LITIGATION:** The Court handling this Action is the United States District Court for the Middle District of Tennessee, and the case is known as *Weiner v. Tivity Health, Inc.*, No. 3:17-cv-01469 (M.D. Tenn.). The Court appointed Lead Plaintiff and Class Representative Oklahoma Firefighters Pension and Retirement System ("Plaintiff" or "Class Representative") to represent the Class. The Defendants in this Action are Tivity Health, Inc., and its current or former senior executives, Donato Tramuto, Glenn Hargreaves, and Adam Holland (collectively, "Defendants").

This Action generally alleges that the Defendants made false and misleading statements regarding the status of Tivity's business relationship with its major customer, UnitedHealthcare ("UHC"). In particular, this Action alleges that Defendants violated the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder by the SEC, by knowingly or recklessly making false and misleading statements and omissions in public statements during the period between March 6, 2017 and November 6, 2017. Class Representative further alleges that the false and misleading statements and omissions artificially inflated the price of Tivity's common stock and that, when UHC later disclosed the truth that it was rolling out a product to compete with Tivity, Tivity's stock price dropped. Defendants deny these allegations.

**3.     POTENTIAL OUTCOME OF THE CASE:** Class Representative and Defendants disagree on both liability and damages and do not agree on the average amount of damages per share, if any, that would be recoverable if the Class prevailed on any claim alleged. Class Representative and Defendants disagree on, among other things, whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, whether Defendants have valid defenses to any such claims of liability, and the amount of damages per share, if any, Class Representative would be able to prove at trial, the methodology used to determine any such damages, and whether there were any mitigating circumstances which would reduce any or all of the damages alleged by Class Representative.

**4.     REASONS FOR SETTLEMENT:** Class Representative's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Class Representative believes that the proposed Settlement is fair, reasonable, and adequate

3

to, and in the best interests of, the Class.

Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

Before agreeing to the Settlement, Class Representative and its counsel conducted extensive investigation and research into the merits of the Action. This investigation has included consultation with an expert concerning the amount of damages suffered by the Class; detailed review of Tivity's public filings, SEC filings, press releases, and other public statements; over 200,000 pages of documents produced by Defendants during discovery; 13 depositions of fact witnesses; depositions of Class Representative's and Defendants' experts; review of analyst reports, financial analysts, and industry analysts relating to Tivity; preparation of responses to interrogatories and requests for admissions; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto.

Defendants filed motions for summary judgment and for decertification of the Class on December 11, 2020, which required extensive briefing. Both motions were denied by an order dated March 23, 2021. Trial was scheduled to commence on May 18, 2021. The Parties informed the Court that they had agreed to the proposed Settlement on April 24, 2021.

**5. ATTORNEYS' FEES AND COSTS SOUGHT:** Class Counsel has not received any payment for its services in conducting this litigation on behalf of Class Representative and the members of the Class, nor has it been reimbursed for its out-of-pocket expenditures. If the Settlement is approved by the Court, Class Counsel will apply to the Court for attorneys' fees not to exceed 25% of the Settlement Amount, and reimbursement of expenses not to exceed $750,000 (exclusive of the Notice and Administration Costs). If the amount requested by Class Counsel is approved by the Court, the average cost would be $0.21. per share. In addition, reimbursement for the time and expenses incurred by the Class Representative will be sought, not to exceed $2,500. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**6. IDENTIFICATION OF CLASS COUNSEL:** Class Representative and the Settlement Class are represented by Class Counsel Daniel S. Sommers and Christina D. Saler of Cohen Milstein Sellers & Toll PLLC, 1100 New York Avenue NW Suite 500, Washington D.C., 20002, tivityclasscounsel@cohenmilstein.com.

**7. THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT:** The proposed Settlement affects the rights of the members of the Class. The Class consists of:

> All persons and entities who purchased or otherwise acquired the common stock of Tivity Health, Inc. ("Tivity") between March 6, 2017 and November 6, 2017, inclusive, and were damaged thereby (the "Class").

4

Case 3:17-cv-01469   Document 161-2   Filed 06/10/21   Page 5 of 16 PageID #: 8340

Excluded from the Class are Defendants; the other officers and directors of Tivity during the Class Period; members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. Additionally, any person or entity that timely and validly requests exclusion, as explained in this Notice, will be excluded from the Class.

**8. THE PROPOSED SETTLEMENT:** Class Counsel, Class Representative, Defendants' counsel and representatives of Defendants' insurance carriers participated in protracted negotiations with the assistance of mediator Michelle Yoshida of Phillips ADR, including two full-day mediation sessions. During these negotiations, the Parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the Parties at trial, and other important factual and legal issues.

These negotiations resulted in the agreement to settle all claims of the Class against the Defendants for a settlement payment of $7,500,000 in cash to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("the Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) any costs, expenses, or awards by the Court to the Class Representative) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraph 10 below.

Class Counsel and Class Representative believe that the claims asserted in the Action have merit and that the evidence developed to date in the Action supports the claims asserted therein. They assert and believe the Class would present supporting evidence at trial establishing liability against the Defendants under Sections 10(b) and 20(a) of the Exchange Act.

Class Counsel and Class Representative, however, recognize and acknowledge the expense and length of continued proceedings, trial, and appeals, and have taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here. They are also mindful of the inherent problems of proof under, as well as the defenses to, the federal securities laws violations asserted in this Action, including the defenses asserted by Defendants.

In light of the foregoing, Class Counsel and Class Representative believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on their evaluation, Class Counsel has determined and Class Representative agrees that the Settlement is in the best interests of the Class.

The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.

**9. THE RELEASE:** In return for the payment of the Settlement Amount, Class Members who do not file for exclusion from the Class will release, discharge, and dismiss with prejudice all Released Plaintiffs' Claims as against each and all of the Defendant Releasees, without costs to any Party except as provided herein, upon the Effective Date. Class Representative and all Class

Members, whether or not any such person or entity submits a Proof of Claim and Release or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators, will be deemed by this Settlement on the Effective date to release and forever discharge the Defendant Releasees from any and all of the Released Plaintiffs' Claims.

On the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Plaintiffs' Claims against any of the Defendant Releasees.

## 10. THE PROPOSED PLAN OF ALLOCATION

A. The $7,500,000 Settlement Amount and any interest earned thereon shall be the Settlement Fund. The Settlement Fund less taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Proofs of Claim ("Authorized Claimants").

B. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws as opposed to losses caused by market or industry factors or Tivity-specific factors unrelated to the alleged violations of law. The Plan of Allocation reflects Class Representative's damage expert's analysis undertaken to that end, including a review of publicly available information regarding Tivity and statistical analysis of the price movements of Tivity common stock, the price performance of relevant market and peer indices during the Class Period, the evidence developed in support of the allegations in the Complaint, and the strength of the claims. The Plan of Allocation, however, is not a formal damages analysis.

C. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

D. In this case, Class Representative alleges that Defendants made false and misleading statements and omitted material information that inflated the price of Tivity common stock during the Class Period. It is alleged that there was corrective information released to the market prior to market open on November 6, 2017 that impacted the market price of Tivity common stock in a statistically significant manner and removed the alleged artificial inflation from the stock price on November 6, 2017. Accordingly, in order to have a compensable loss, shares of Tivity common stock purchased or acquired during the Class Period must have been held through the corrective disclosure listed above. Shares bought on November 6, 2017, the date on which the artificial fully dissipated, therefore would not have an associated compensable loss. In addition, Class Representative contends that during the Class Period, an event on April 27, 2017 (after

markets closed) caused positive and significant price changes in Tivity common stock on April 28, 2017, that allegedly would not have occurred but-for the alleged fraud.

E. The Plan of Allocation has taken into consideration the Limitation on Damages provision of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005). For purposes of this Settlement, the "Recognized Loss Amounts" and "Recognized Gain Amounts" shall be calculated as follows:

1) "Recognized Loss Amount" and "Recognized Gain Amount" will be calculated for each purchase or acquisition of publicly-traded Tivity common stock that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount or Recognized Gain Amount calculates to a negative number or zero under the applicable formula below, that number will be zero.

2) For each share of publicly-traded Tivity common stock purchased or otherwise acquired after the first alleged actionable statement which was made after the market closed on March 6, 2017 through and including November 6, 2017 and:

   a) sold before November 6, 2017:

      (i) the Recognized Loss Amount will be $0.00

      (ii) the Recognized Gain Amount will be the amount of artificial inflation per share on the date of sale as stated in Table A *minus* the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A.

   b) sold from November 6, 2017 through February 2, 2018:

      (i) the Recognized Loss Amount will be the be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (b) the purchase/acquisition price *minus* the average closing price between November 6, 2017 and the date of sale as stated in Table B below.

      (ii) the Recognized Gain Amount will be $0.00.

   c) held as of the close of trading on February 2, 2018:

      (i) the Recognized Loss Amount will be the be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (b) the purchase/acquisition price *minus* $36.19, the average closing price between November 6, 2017 and February 2, 2018, as stated in Table B below.[1]

---

[1] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received,

(ii) the Recognized Gain Amount will be $0.00.

### *ADDITIONAL PROVISIONS*

A. Subject to the following paragraphs, an Authorized Claimant's Recognized Claim shall be the sum of an Authorized Claimant's Recognized Loss Amounts *minus* the sum of an Authorized Claimant's Recognized Gain Amounts. If a Recognized Claim calculates to a negative number or zero, that number will be zero.

B. Purchases or acquisitions and sales of Tivity common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Tivity common stock during the Class Period shall not be deemed a purchase, acquisition or sale of these Tivity common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Tivity common stock unless (i) the donor or decedent purchased or otherwise acquired such Tivity common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Tivity common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

C. In the event that a Class Member has multiple transactions of Tivity common stock during the Class Period, all purchases/acquisitions and sales shall be matched according to the First-In, First-Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

D. The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a Claimant has an opening short position in Tivity common stock at the start of the Settlement Class Period, the earliest Class Period purchases or acquisitions shall be matched against such an opening short position in accordance with the FIFO matching described above, and any portion of such purchases or acquisitions that cover such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

E. Publicly-traded Tivity common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Tivity common stock are not

---

as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Tivity common stock during the "90-day look-back period," November 6, 2017 through and including February 2, 2018. The mean (average) closing price for Tivity common stock during this 90-day look-back period was $36.19.

securities eligible to participate in the Settlement. With respect to Tivity common stock purchased or sold through the exercise of an option, the purchase/sale date of such shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

F. The Recognized Claims will be used solely to calculate the relative amount of the Net Settlement Fund to be apportioned to each Authorized Claimant and do not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund.

G. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund. The pro rata share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

H. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed pro rata to all Authorized Claimants entitled to receive payment (i.e., each Authorized Claimant will also receive the Authorized Claimant's Recognized Claims divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the excess amount in the Net Settlement Fund).

I. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

J. Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further order(s) of the Court, against Class Counsel, Class Representative, their damages expert, Claims Administrator, or other agent designated by Class Counsel, Class Members, Defendants, their respective counsel, or the Released Parties. All members of the Class who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Released Claims against the Released Parties provided for therein and in the Judgment.

K. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Settling Parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, https://www.tivitysecuritieslitigation.com.

## TABLE A

**Estimated Artificial Inflation with Respect to Publicly-Traded Tivity Common Stock Transactions from March 6, 2017 through November 6, 2017**

| Date Range | Artificial Inflation Per Share |
|---|---|
| March 6, 2017[2] | $0.00 |
| March 7, 2017 – April 27, 2017 | $13.68 |
| April 28, 2017 – November 5, 2017 | $16.54 |
| November 6, 2017[3] | $0.00 |

## TABLE B

**Tivity Common Stock Closing Price and Average Closing Price
November 6, 2017 - February 2, 2018**

| Date | Closing Price | Average Closing Price Between November 6, 2017 and Date Shown | Date | Closing Price | Average Closing Price Between November 6, 2017 and Date Shown |
|---|---|---|---|---|---|
| 11/6/2017 | $31.60 | $31.60 | 12/20/2017 | $35.70 | $34.80 |
| 11/7/2017 | $32.30 | $31.95 | 12/21/2017 | $36.45 | $34.85 |
| 11/8/2017 | $33.00 | $32.30 | 12/22/2017 | $36.45 | $34.90 |
| 11/9/2017 | $32.50 | $32.35 | 12/26/2017 | $36.50 | $34.95 |
| 11/10/2017 | $32.90 | $32.46 | 12/27/2017 | $36.73 | $34.99 |
| 11/13/2017 | $34.00 | $32.72 | 12/28/2017 | $36.80 | $35.04 |
| 11/14/2017 | $33.75 | $32.86 | 12/29/2017 | $36.55 | $35.08 |
| 11/15/2017 | $33.70 | $32.97 | 1/2/2018 | $36.65 | $35.12 |
| 11/16/2017 | $34.70 | $33.16 | 1/3/2018 | $36.40 | $35.16 |
| 11/17/2017 | $34.75 | $33.32 | 1/4/2018 | $36.60 | $35.19 |
| 11/20/2017 | $34.95 | $33.47 | 1/5/2018 | $36.35 | $35.22 |
| 11/21/2017 | $35.10 | $33.60 | 1/8/2018 | $36.30 | $35.24 |
| 11/22/2017 | $34.80 | $33.70 | 1/9/2018 | $36.30 | $35.27 |
| 11/24/2017 | $35.10 | $33.80 | 1/10/2018 | $38.20 | $35.33 |

---

[2] The first allegedly false and misleading statement/omission occurred after market hours on March 6, 2017, at approximately 5:22 p.m. ET. Therefore, artificial inflation would first be present in the market price of Tivity Common Stock on the following trading day, March 7, 2017, and purchasers of Tivity common stock on March 6 would have no Recognized Gains that could negatively impact losses on later Class Period purchases.

[3] Purchasers on November 6, 2017 will be considered to have purchased shares with no artificial inflation since the curative disclosure was made prior to the market opening and thereafter the artificial inflation dissipated.

| Date | Closing Price | Average Closing Price Between November 6, 2017 and Date Shown | Date | Closing Price | Average Closing Price Between November 6, 2017 and Date Shown |
|---|---|---|---|---|---|
| 11/27/2017 | $35.15 | $33.89 | 1/11/2018 | $37.30 | $35.38 |
| 11/28/2017 | $35.30 | $33.98 | 1/12/2018 | $37.30 | $35.42 |
| 11/29/2017 | $36.30 | $34.11 | 1/16/2018 | $37.80 | $35.47 |
| 11/30/2017 | $36.80 | $34.26 | 1/17/2018 | $37.80 | $35.51 |
| 12/1/2017 | $35.85 | $34.34 | 1/18/2018 | $38.05 | $35.56 |
| 12/4/2017 | $35.95 | $34.43 | 1/19/2018 | $38.55 | $35.62 |
| 12/5/2017 | $35.55 | $34.48 | 1/22/2018 | $39.50 | $35.70 |
| 12/6/2017 | $35.70 | $34.53 | 1/23/2018 | $39.15 | $35.76 |
| 12/7/2017 | $35.50 | $34.58 | 1/24/2018 | $39.10 | $35.82 |
| 12/8/2017 | $35.55 | $34.62 | 1/25/2018 | $40.30 | $35.91 |
| 12/11/2017 | $35.05 | $34.63 | 1/26/2018 | $39.70 | $35.97 |
| 12/12/2017 | $35.28 | $34.66 | 1/29/2018 | $39.30 | $36.03 |
| 12/13/2017 | $35.50 | $34.69 | 1/30/2018 | $38.80 | $36.08 |
| 12/14/2017 | $35.25 | $34.71 | 1/31/2018 | $38.75 | $36.12 |
| 12/15/2017 | $35.70 | $34.74 | 2/1/2018 | $38.10 | $36.16 |
| 12/18/2017 | $35.25 | $34.76 | 2/2/2018 | $37.95 | $36.19 |
| 12/19/2017 | $35.15 | $34.77 | | | |

11. **REQUESTING EXCLUSION FROM THE CLASS**

*IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.*

Each Class Member shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Class, **received no later than _____, 2021,** addressed to the Claims Administrator at: *Tivity Securities Litigation,* Exclusions, c/o Epiq Class Action & Claims Solutions, Inc., PO Box 3679, Portland, OR 97208-3679. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Eric Weiner v. Tivity Health Inc, et al.*, No. 3:17-cv-01469"; (iii) state the number of shares of Tivity common stock that the person or entity requesting exclusion purchased/acquired between March 6, 2017 and November 6, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; (iv) state the number of shares of Tivity common stock that the person or entity requesting exclusion sold between March 6, 2017 and November 6, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting

exclusion or an authorized representative. A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email, or fax.**

If a person or entity who is a Class Member duly requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Class Members who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Plaintiffs' Claims against each and all of the Defendant Releasees.

**12. STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT:** Class Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Class Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund, plus interest. Class Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $750,000 plus interest. Class Counsel believes its intended fee request to be fair and reasonable. Class Counsel expended considerable time and expense during the Action. Had the case not been successful, Class Counsel would have sustained a considerable financial loss. In addition, Class Counsel intends to apply to the Court on behalf of the Court appointed Class Representative for reimbursement of its reasonable time, costs, and expenses, directly relating to its representation of the Class. Class Counsel will seek no more than $2,500 for the Class Representative. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**13. THE SETTLEMENT FAIRNESS HEARING:** The Settlement Fairness Hearing shall be held before Honorable Waverly D. Crenshaw Jr. on _____, 2021, at ____:____, in Courtroom A859 of the United States District Court for the Middle District of Tennessee, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Nashville, TN 37203, to determine: (1) whether the Settlement of the Class's claims against Defendants for $7,500,000, should be approved as fair, just, reasonable, and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the application of Class Counsel for an award of attorneys' fees and expenses should be approved; (4) whether the Class Representative should be granted reimbursement for its expenses; and (5) whether the Action should be dismissed with prejudice as set forth in the Stipulation filed with the Court. *The Settlement Fairness Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Settlement Fairness Hearing or at any adjournment or continuance thereof.*

**14. EXCLUSION REQUESTS:** Any Class Member who does not timely and validly request

exclusion from the Class and who objects to the Settlement, the proposed Plan of Allocation of the Net Settlement Fund, the Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for the reimbursement of the reasonable costs and expenses of the Class Representative, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney at the Settlement Fairness Hearing, at their own expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such person shall be considered by the Court unless, no later than _____ _____, 2021, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section 11 herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail, or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| Daniel S. Sommers | Jessica P. Corley |
| Christina D. Saler | Lisa R. Bugni |
| Joshua Handelsman | Brandon R. Keel |
| Jessica (Ji Eun) Kim | KING & SPALDING LLP |
| COHEN MILSTEIN SELLERS & TOLL PLLC | 1180 Peachtree Street N.E. |
| 1100 New York Avenue, N.W. | Atlanta, GA 30309 |
| West Tower, Suite 500 | |
| Washington, D.C. 20005-3934 | |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or reimbursement to the Class Representative will not affect the finality of either the Settlement or the Judgment to be entered thereto, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Class Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

**15. PROOF OF CLAIM AND RELEASE FORM: To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").** A Proof of Claim is annexed to this Notice, or available online at www.tivitysecuritieslitigation.com. You may receive more than one copy of this Notice and the Proof of Claim, but you should submit only one Proof of Claim.

13

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be submitted to the Claims Administrator online at www.tivitysecuritieslitigation.com, or postmarked, if mailed on or before_____, 2021 at the following address:

*Tivity Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
PO Box 3679, Portland, OR 97208-3679

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid, or the date when filed online. Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith. By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims by all members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement. Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a Class Member and the allowable amount of the claim. If you would like acknowledgment of the receipt of your Proof of Claim by the Claims Administrator, please send it by certified mail, return requested, or its equivalent. **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.**

**16. SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES:** Brokerage firms, banks, financial institutions, and other nominees ("Nominees") that, during the Class Period, purchased, otherwise acquired, or sold Tivity common stock, CUSIP # 88870R102, in the name of the Nominees on behalf of beneficial owners of such securities that may be Class Members, are requested to provide the Claims Administrator with the name and last known address of each such person or entity for whom the Nominee executed such transactions. The Claims Administrator will then cause the Notice and the Proof of Claim to be mailed promptly to said beneficial owners. Alternatively, Nominees may download copies of the Proof of Claim online at www.tivitysecuritieslitigation.com or request additional copies of this Notice and the Proof of Claim from the Claims Administrator, in which case the Nominees are required to promptly forward the Notice and the Proof of Claim directly to the persons for whom the transactions were made and provide the Claims Administrator with written confirmation of having done so. For either alternative, contact the Claims Administrator.

After receipt of a timely request for reimbursement and supporting documentation, the Claims Administrator will reimburse the Nominee for all reasonable costs incurred in gathering and forwarding the names and addresses of beneficial owners to the Claims Administrator, or forwarding the Notice and the Proof of Claim to beneficial owners, as the case may be.

**17. FURTHER INFORMATION:** This Notice merely provides a brief summary of the litigation and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in

the litigation, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action. These papers may be inspected at the Office of the Clerk of the United States District Court for Middle District of Tennessee, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Nashville, TN 37203. If you have any questions regarding the information contained in this Notice, you may contact Class Counsel in writing at the addresses specified in paragraph 6, above.

You may also visit the Claims Administrator's website at www.tivitysecuritieslitigation.com to find the Stipulation and/or download copies of the Notice and Proof of Claim. In addition, you may request additional copies of the Notice and Proof of Claim by contacting the Claims Administrator at:

*Tivity Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
PO Box 3679, Portland, OR 97208-3679
Tel.: 877-202-7202
info@tivitysecuritieslitigation.com
www.tivitysecuritieslitigation.com

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Dated: _____, 2021        UNITED STATES DISTRICT COURT
                                    MIDDLE DISTRICT OF TENNESEE