UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC WEINER, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br>   v.<br><br>TIVITY HEALTH, INC., *et al.*,<br><br>                            Defendants. | Case No.: 3:17-cv-01469 |

## ORDER

By Order dated December 11, 2020, this Court: (a) refined the class definition of the Action as follows, "All persons who purchased or otherwise acquired Tivity Health, Inc. common stock between March 6, 2017 and November 6, 2017, inclusive, and who have been damaged thereby, excluding from the class Defendants Tivity Health, Inc., Donato Tramuto, Glenn Hargreaves and the officers and directors of Tivity during the relevant period, as well as members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest."; and (b) approved the notice program and schedule by which on December 31, 2020, members of the Class were provided notice of the pendency of this case and their right to seek exclusion from the Class by March 1, 2021.

1

Lead Plaintiff Oklahoma Firefighters Pension & Retirement System ("Class Representative"), on behalf of itself and the other members of the Class (as defined below), and Defendants Tivity Health, Inc. ("Tivity"), Donato Tramuto, Adam Holland, and Glenn Hargreaves (collectively, "Defendants," and together with Class Representative, on behalf of itself and the other members of the Class, the "Parties") have determined to settle all claims asserted against Defendants in this case with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 10, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement").

Additionally, the Class Representative has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation.

Having considered: (a) the Class Representative's motion for preliminary approval of the Settlement, and (b) the Stipulation and the exhibits attached thereto, the Court makes the following findings. Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

1. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as being fair, reasonable, and adequate to the Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing.

2. **<u>Settlement Hearing</u>** – The Court will hold a hearing (the "Settlement Hearing")

on **October 4, 2021, at 4:00 p.m. at the United States District Court for the Middle District of Tennessee, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Courtroom A859, Nashville, TN 37203**, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment should be entered dismissing this case with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

3. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, submitted by the parties (Doc. Nos. 161-2; 161-3; and 161-4), and (b) finds that the procedures established for publication, mailing, and distribution of the Notice, the Claim Form, and the Summary Notice substantially in the manner and form set forth in Paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to object to the Settlement and/or the Plan of Allocation, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes

3

due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed (and/or e-mailed) and published, respectively.

4. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – The Court approves the appointment of Epiq Class Action & Claims Solutions Inc. (the "Claims Administrator") who, under the supervision of Class Counsel and subject to the jurisdiction of the Court, shall supervise and administer the notice procedure, as well as the processing of Claims, as follows:

(a) not later than twenty (21) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, ("Notice Packet"), to be mailed by first-class mail, or e-mailed, to potential Class Members who may be identified through reasonable effort;

(b) on or before the Notice Date, the Claims Administrator shall cause downloadable copies of the Notice and the Claim Form to be posted on https://tivitysecuritieslitigation.com (the "Settlement Website"), a website dedicated to the administration of the Settlement;

(c) not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, to be transmitted once over *PR Newswire*; and

(d) not later than ten (10) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Tivity common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Notice Packet to such beneficial owners. Nominees or custodians who elect to send the Notice Packet to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice Packet shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. If requested, nominees or custodians may be reimbursed solely for reasonable out-of-pocket expenses, up to $0.70 per notice mailed or $.10 per name and address provided to the Claims Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

5

6. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than seven (7) calendar days prior to the Settlement Hearing. Notwithstanding the foregoing, Class Counsel may submit to the Court any late Claim for approval. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

7. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of Paragraph 6; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

8. Any Class Member who or that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating

6

Case 3:17-cv-01469   Document 162   Filed 06/15/21   Page 6 of 14 PageID #: 8376

in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against each and all of the Defendant Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in Paragraph 6 above.

9. **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than fourteen (14) calendar days prior to Settlement Hearing to: *Tivity Securities Litigation*, Exclusions, c/o Epiq Class Action & Claims Solutions, Inc., PO Box 3679, Portland, OR 97208-3679, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Eric Weiner v. Tivity Health Inc, et al.*, No. 3:17-cv-01469"; (iii) state the number of shares of Tivity common stock that the person or entity requesting exclusion purchased/acquired between March 6, 2017 and November 6, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition; (iv) state the number of shares of Tivity common stock that the person or entity requesting exclusion sold between March 6, 2017 and November 6, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required

information and is received within the time stated above, or is otherwise accepted by the Court.

10. Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

11. By Order dated December 11, 2020, this Court approved the notice program and schedule by which on December 31, 2020, members of the Class were provided notice of the pendency of this Action and their right to seek exclusion from the Class by March 1, 2021. No Class Members requested exclusion by the specified deadline. Thus, all Class Members: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees, as more fully described in the Stipulation and Notice.

12. **Appearance and Objections at Settlement Hearing** – Any Class Member who or that does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to representatives of both Class Counsel and Defendants' Counsel, at the addresses set forth in Paragraph 13 below, a notice of appearance such that it is received no later fourteen (14) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented

by Class Counsel.

13. Any Class Member who or that does not request exclusion from the Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and expenses, and/or reimbursement for the Class Representative's expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, Class Counsel's motion for attorneys' fees and expenses, and/or reimbursement for the Class Representative's expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions thereof unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of both Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than fourteen (14) calendar days prior to the Settlement Hearing.

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| Daniel S. Sommers | Jessica P. Corley |
| Christina D. Saler | Lisa R. Bugni |
| Jessica (Ji Eun) Kim | Brandon R. Keel |
| Joshua C. Handelsman | KING & SPALDING LLP |
| COHEN MILSTEIN SELLERS & TOLL PLLC | 1180 Peachtree Street N.E. |
| 1100 New York Avenue, N.W. | Atlanta, GA 30309 |
| West Tower, Suite 500 | |
| Washington, D.C. 20005-3934 | |

14. Any objections by a Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) indicate whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (d) state with specificity the grounds for the Class Member's objection or objections, and the specific reasons for each

9

objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to prove membership in the Class, consisting of (i) documents showing the number of shares of Tivity common stock that the objector purchased/acquired between March 6, 2017 and November 6, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition, and (ii) documents showing the number of shares of Tivity common stock that the objector sold between March 6, 2017 and November 6, 2017, both dates inclusive, as well as the dates, number of shares, and prices of each such sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

15. Subject to the Court's discretion any Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement, the Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, the reimbursement for Class Representative's expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, the requested attorneys' fees and

expenses, or reimbursement for Class Representative's expenses in this or any other proceeding.

16. **Stay and Temporary Injunction** – The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Class Representative, and all other Class Members, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendant Releasees.

17. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court. Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $250,000 without further approval of the Court.

18. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank, which is approved as the Escrow Agent, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. **Taxes** – The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation, as provided in the Stipulation.

21. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), any class distribution order that may be approved by the Court, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against any of the Defendant Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against Class Representative or any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by Class Representative or any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Class Representative or any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

22. **Supporting Papers** – Class Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and reimbursement for Class Representative's expenses no later than twenty-one (21) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

23. **CAFA Notice** – Defendants shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants are solely responsible

for the costs of the CAFA notice and administering the CAFA notice. At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

24. The Court finds that the Court will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2).

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement; to allow, disallow, or adjust on equitable grounds the Claims of any Class Member and issue, as appropriate, a Class Distribution Order; and as otherwise warranted.

IT IS SO ORDERED.

_____
Waverly D. Crenshaw, Jr.
Chief United States District Judge