**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| ERIC WEINER, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No.: 3:17-cv-01469 |
| v. | |
| TIVITY HEALTH, INC., *et al.*, | Chief Judge Crenshaw Magistrate Judge Newbern |
| Defendants. | |

**DECLARATION OF MICHELLE YOSHIDA IN SUPPORT OF**
**APPROVAL OF THE CLASS ACTION SETTLEMENT**

I, Michelle Yoshida, declare as follows:

1.     I submit this declaration in my capacity as the mediator in connection with the proposed settlement ("Settlement") in the above-captioned securities class action (the "Action").

2.     Negotiations between the Class Representative and Defendants (the "Parties") were conducted in confidence and under my supervision during the mediation process. All Parties, entities, and individuals at the mediation sessions and in the negotiations executed a Confidentiality Agreement agreeing that the mediation process was to be regarded as settlement negotiations under Rule 408 of the Federal Rules of Evidence, protecting disclosures made during such process from later discovery, dissemination, publication and/or use in evidence. The mediation participants agreed that the Confidentiality Agreement extends to all statements made during the course of the mediation or any materials generated for the purpose of the mediation.

By making this declaration, neither I nor the mediation participants waive in any way the provisions of the Confidentiality Agreement or the protections of Rule 408. While I cannot disclose the contents of the mediation negotiations, the Parties have authorized me to inform the Court of the procedural and substantive matters set forth below to be used in support of approval of the Settlement. Thus, without in any way waiving the mediation privilege, I make this declaration based on personal knowledge and I am competent to testify as to the matters set forth herein.

3.       As set forth below, while the Court will make its own determination as to the proposed Settlement's fairness under applicable legal standards, from my viewpoint as a mediator, I believe the proposed Settlement in this Action for the total amount of $7,500,000 represents a fair, well-reasoned and sound resolution to the complicated and uncertain legal claims and defenses for all Parties involved.

4.       I am a full-time mediator, arbitrator and special master with Phillips ADR Enterprises, P.C. ("PADRE"). I joined PADRE and the Hon. Layn R. Phillips (Fmr.) at the inception of the firm in November 2014. Prior to joining PADRE, I worked for seven years with Weinstein Melnick LLC as a full-time mediator, arbitrator, and special master. Over the past ten years, I have been involved in the mediation of over five hundred disputes, involving a myriad of diverse matters, including securities and derivative cases involving major NYSE / NASDAQ corporations, mergers and acquisitions, antitrust, professional liability, insurance coverage, ERISA, regulatory and trustee issues. Many cases in which I have served as a neutral involve complex fact patterns and legal issues and often include numerous plaintiffs and plaintiffs' counsel, as well as many defendants (issuers, directors, officers, professional firms, etc.), defense

2

counsel and insurers. Before becoming a neutral in 2007, I was a trial attorney in private practice, litigating complex business matters.

5. I provide my professional background to provide context for the statements in my Declaration and to establish that my perspective on the negotiations and Settlement of this securities class action is grounded in my significant experience in resolving complex litigation.

6. The Parties first contacted me in May 2020 about mediating this securities class action matter. Prior to the first mediation session, the Parties prepared and exchanged detailed mediation statements and voluminous case-related materials addressing the facts and law of the case, including the Parties' disputed arguments regarding alleged misstatements, materiality, scienter, loss causation, and damages. I found the discussions in the mediation statements to be extremely valuable in helping me understand the relative merits of each Party's positions, and to identify the issues that were likely to serve as the primary drivers and obstacles to achieving settlement. Prior to the mediation, I communicated separately with each side and raised questions and issues to help the Parties evaluate the strengths and weaknesses of their positions as well as clarify where substantial disputes on liability and damages existed.

7. The first mediation session was held on July 29, 2020. Due to the COVID-19 pandemic, the session was a virtual mediation conducted over Zoom. Counsel for the Parties, client representatives for the Class Representative, Defendants, and Defendants' insurance carriers actively participated in the mediation. Throughout the course of the day, the Parties strongly advocated their views about the merits, the valuation of the claims, the attendant defenses, and the respective risks at trial and appeal. During the session, the Parties exchanged settlements demands and offers, accompanied by merits positions and risk considerations. The negotiations ultimately reached an impasse that ended the mediation without a settlement.

8. After the mediation session, I believed that efforts to settle this case would continue to be challenging as those involved continued to hold strong and vastly divergent views as to the relevant legal and substantive arguments, and that a resolution without further litigation seemed unlikely.

9. The Parties again contacted me after they completed fact and expert discovery and filed briefs in support of and in opposition to Defendants' motions for summary judgment and decertification of the class, and as the Parties were preparing for trial. The Parties scheduled a second mediation session for April 14, 2021. Prior to this session, the Parties provided me with several documents that they had filed with the Court since our first mediation: the summary judgment briefing, Defendants' statement of undisputed facts and supporting exhibits (and Class Representative's responses), and Class Representative's statement of disputed facts and supporting exhibits (and Defendants' responses), as well as the Court's rulings denying Defendants' motions for summary judgment and decertification of the class. After reviewing these filings and orders and speaking with counsel for the Parties as well as representatives of Defendants' insurance carriers, I believed that the April 2021 negotiations would be a difficult and adversarial process through which all involved would hold strong to their convictions that they had the better evidence and arguments to prevail at trial, and that a resolution without further litigation or trial was by no means certain.

10. At the virtual April 14, 2021 mediation session, counsel for the Parties, client representatives for the Class Representative, Defendants, and Defendants' insurance carriers were present and actively participated. During this session and in private break-out meetings, I engaged in numerous discussions with both sides concerning the case developments since the first mediation, the relative risks, rewards, and costs of continued litigation as well as multiple

4

issues with respect to the impending trial. The mediation process involved analysis of the strength of Class Representative's claims, Defendants' defenses, and damages, as well as the likely impact of the testimony, documents, and arguments upon a jury. This mediation did not result in an agreement between the Parties, though the Parties agreed to keep the lines of communication open while they continued to prepare for trial.

11.     Over the ensuing week, I continued to be in regular communication with counsel for the Parties and representatives of Defendants' insurance carriers. On April 23, 2021, the Parties agreed in principle to a settlement of $7,500,000, subject to certain terms and conditions including court approval and the execution of a customary long form stipulation and agreement of settlement and related papers.

12.     As the mediator involved in the negotiations of this securities class action Settlement, I can represent to the Court that the proposed Settlement was the product of hard-fought, arm's-length negotiations. Counsel on both sides are capable, zealous, and experienced in securities class action litigation. They came to the mediations well-prepared and demonstrated their knowledge of the specific legal issues and principles, the relative strengths and weaknesses of their positions, and the risks of continued litigation. The proposed Settlement represents a reasonable and practical resolution of this complex and highly uncertain litigation that would not have been reached but for counsel's vigorous efforts.

13.     In conclusion, based on my experience as a neutral, I believe this Settlement represents a recovery and outcome that is fair, reasonable and adequate. After presiding over the mediation process in this case, my view is that the Settlement is the product of vigorous and independent advocacy and of arm's-length negotiations conducted in good faith by the Parties. I further believe that the Settlement is in the best interests of all parties because the Parties avoid

5

the burdens and risks associated with taking this case through trial and appeals. I therefore strongly support and respectfully recommend approval of the Settlement in all respects.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of September, 2021 at Napa, California.

_____
Michelle Yoshida, Esq.
Phillips ADR Enterprises, P.C.