UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERIC WEINER, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

TIVITY HEALTH, INC., *et al.*,

    Defendants.

Case No.: 3:17-cv-01469

# ORDER APPROVING PLAN OF ALLOCATION OF NET SETTLEMENT FUND

This case came on for hearing on October 4, 2021 (the "Settlement Hearing") on Class Representative's motion to determine whether the proposed plan of allocation of the Net Settlement Fund ("Plan of Allocation") created by the Settlement achieved in the above-captioned class action (the "Action") should be approved. The Court having considered the entire record rules as follows:

1. Notice of the Settlement Hearing approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort;

2. A summary notice of the hearing approved by the Court was published in *IBD Weekly* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and

3. The Court has considered and determined the fairness and reasonableness of the proposed Plan of Allocation.

Accordingly,

4. This Order approving the proposed Plan of Allocation incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 10, 2021 (Doc. No.

1

161) (the "Stipulation"), as amended by the Contingent Amendment to the Stipulation (Doc. No. 173-1), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

5. The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all parties to the Action, including all Class Members.

6. Notice of Class Representative's motion for final approval of the Settlement and the Plan of Allocation was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. Copies of the Notice, which included the Plan of Allocation, were mailed to 14,815 potential Class Members and nominees, and no objections to the Plan of Allocation have been received.

8. The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation mailed to Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Class Members with due consideration having been given to administrative convenience and necessity.

9. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Class. Accordingly, the Court hereby approves the Plan of

Allocation proposed by Class Representative.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE