UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC WEINER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br> v.<br><br>TIVITY HEALTH, INC., *et al.*,<br><br>        Defendants. | Case No.: 3:17-cv-01469 |

## ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES

This case came on for hearing on October 4, 2021 (the "Settlement Hearing") on Class Representative's motion for attorneys' fees and litigation expenses. The Court having considered the entire record rules as follows:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 10, 2021 (Doc. No. 161) (the "Stipulation"), as amended by the Contingent Amendment to the Stipulation (Doc. No. 173-1), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Class Representative's motion for an award of attorneys' fees and litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and litigation expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and

constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel is hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund, or $1,875,000.00, plus accrued interest, and $544,482.46 in reimbursement for Class Counsel and Liaison Counsel's litigation expenses, plus interest, to be paid from the Settlement Fund.

5. The awarded attorneys' fees and expenses shall be payable to Class Counsel immediately upon execution of this Order subject to the terms, conditions and obligations of the Stipulation and in particular paragraph 19 thereof, which terms, conditions and obligations are incorporated herein. Attorneys' fees and expenses shall be allocated among Class Counsel and Liaison Counsel in the sole discretions of Class Counsel.

6. In making this award of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a) The Settlement has created a common benefit fund for the class, so it is appropriate to assess the attorneys' fees against the fund. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980).

   b) Class Counsel's fee award is fair and reasonable under the percentage-of-the-fund approach. This is the preferred method where, as here, "a substantial common fund has been established for the benefit of class members through the efforts of class counsel." In re Southeastern Milk Antitrust Litig., No. 07-208, 2013 WL 2155387, at *2 (E.D. Tenn. May 17, 2013). The requested fee of twenty-five percent "is certainly within the range of fees often awarded in common fund cases, both nationwide and in the Sixth Circuit," and is appropriate given the excellent result Class Counsel achieved notwithstanding substantial risk. *Id.* at *3.

   c) The requested fee meets all the factors that the Sixth Circuit articulated in Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir. 1974), specifically:

(i) The recovery of $7,500,000, which represents 17% to 22% of the Class's estimated class-wide damages, is an excellent outcome for the Class, especially relative to the historical range of securities class action settlements, *see, e.g.*, Cornerstone Research, *Securities Class Action Settlements: 2020 Review and Analysis*, at 6 (2021)[1] (observing that between 2011 and 2020 the median settlement as a percentage of damages in cases with estimated damages of between $25 million and $74 million was 7.6%); NERA Economic Consulting, *Recent Trends in Securities Class Action Litigation: 2018 Full Year Review*, at 35 (2019)[2] (observing that in 2018 the median settlement value as a percentage of estimated damages in cases with losses between $20 million and $49 million was 8.4%).

(ii) Society has a strong interest in compensating Class Counsel for the risks and complex issues posed by this case, thereby encouraging others to bring similar litigation in the future.

(iii) Fees and reimbursement of costs in this case were entirely contingent upon success, creating a risk of under-compensation in the absence of settlement or victory at trial, see Lonardo v. Travelers Indem. Co., 706 F. Supp. 2d 766, 795 (N.D. Ohio 2010).

(iv) Class Counsel devoted over ten thousand hours to this case, and the time value of their services was substantial.

(v) This class action involved complicated facts and complex legal issues and economic analysis, requiring Class Counsel to overcome substantial hurdles to prove their claims.

(vi) Class Counsel, who are experienced class action and securities law practitioners, displayed skill and commitment throughout the litigation.

---

[1] https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2020- Review- and- Analysis.
[2] https://www.nera.com/content/dam/nera/publications/2019/PUB_Year_End_Trends_012819_Final.pdf.

d) The Court has confirmed the reasonableness of Class Counsel's fee request by conducting a lodestar cross-check. This involves multiplying reasonable rates by reasonable hours. Gascho v. Glob. Fitness Holdings, LLC, 822 F.3d 269, 279 (6th Cir. 2016). The "sum may then be increased by a 'multiplier' to account for the costs and risks involved in the litigation, as well as the complexities of the case and the size of the recovery." In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig., 268 F. Supp. 2d 907, 922 (N.D. Ohio 2003). The Court finds that Class Counsel and Liaison Counsel's reasonable lodestar was $6,856,315 based on hourly billing rates for the period from the inception of the case until June 10, 2021, and that an award of $1,875,000.00 yields a multiplier on a 0.27 percent fee of $6,856,315.00. This multiplier falls well below an acceptable range. *See, e.g., In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (awarding a multiplier of 6.0 and noting that typical multipliers range from 1.3 to 4.5). The use of current (2021) rates is appropriate to "compensate for the delay in payment during the pendency of the litigation." In re UnumProvident Corp. Derivative Litig., No. 02- 386, 2010 WL 289179, at *9 (E.D. Tenn. Jan. 20, 2010).

e) Class Counsel and Liaison Counsel reasonably incurred a total of $544,482.46 in litigation expenses for which Class Counsel seek reimbursement in this case. Class Counsel "is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and settlement, including expenses incurred in connection with document production, consulting with experts and consultants, travel and other litigation- related expenses." In re Cardizem CD Antitrust Litig., 218 F.R.D. 508, 535 (E.D. Mich. 2003). Moreover, this amount is less than the $750,000 limit disclosed in the Notice.

f) No objections were made to Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses, or to Class Representative's request for reimbursement of its reasonable costs and expenses.

4

7. In accordance with 15 U.S.C. § 78u-4(a)(4), Oklahoma Firefighters Pension and Retirement System is hereby awarded $2,508.00 from the Settlement Fund, as reimbursement for its reasonable costs and expenses directly related to their representation of the Class.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE