UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC WEINER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TIVITY HEALTH, INC., *et al.*,<br><br>Defendants. | Case No.: 3:17-cv-01469 |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

By Order dated December 11, 2020, this Court: (a) defined the class definition of the Action as follows, "All persons who purchased or otherwise acquired Tivity Health, Inc. common stock between March 6, 2017 and November 6, 2017, inclusive, and who have been damaged thereby, excluding from the class Defendants Tivity Health, Inc., Donato Tramuto, Glenn Hargreaves and the officers and directors of Tivity during the relevant period, as well as members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest."; and (b) approved the notice program and schedule by which on December 31, 2020, members of the Class were provided notice of the pendency of this Action and their right to seek exclusion from the Class by March 1, 2021;

Lead Plaintiff Oklahoma Firefighters Pension & Retirement System ("Class Representative") and Defendants Tivity Health, Inc. ("Tivity"), Donato Tramuto, Adam Holland,

1

and Glenn Hargreaves (collectively, "Defendants," and together with Class Representative, the "Parties") have entered into the Stipulation and Agreement of Settlement dated June 10, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement"). Unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation.

By Order dated June 15, 2021 (Doc. No. 162) (the "Preliminary Approval Order"), as amended by Order dated June 21, 2021 (Doc. No. 165), this Court: (a) preliminarily approved the Settlement; (b) directed that notice of the proposed Settlement be provided to Class Members; (c) provided Class Members with either a second opportunity to exclude themselves from the Class or an opportunity to object to the Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

After due and adequate notice was given to the Class, the Court conducted a hearing on October 4, 2021 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants. There were no objections to the Stipulation.

The Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing, rules as follows;

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation and (b) the Notice and the Summary Notice, both of which were previously filed with the Court.

3. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Class Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and reimbursement for expenses to Class Representative; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and reimbursement for expenses to Class Representative; (iv) their right to exclude themselves from the Class; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class under Federal Rule of Civil Procedure

23(e)(2), having considered and found that:

      (a) Class Representative and Class Counsel have adequately represented the Class;

      (b) the proposal was negotiated at arm's length;

      (c) the relief provided for the Class is adequate, having taken into account:

          (i) the costs, risks, and delay of motion practice, trial, and appeal; and

          (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims.

5. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6. The Action and all of the claims asserted against Defendants in the Action by Class Representative and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representative, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. No person or entity has sought to be excluded from the Class.

8. **<u>Releases and Bars</u>** – The Releases set forth in paragraphs 3 through 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation (as amended by the Contingent Amendment to the Stipulation and Agreement of Settlement dated September 20, 2021, Doc. No.173-1) relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

      (a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members,

4

on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Class Member, shall be deemed to have, and by operation of the Stipulation, of law. and of this Judgment, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, remised, waived, and discharged each and every Released Plaintiffs' Claim against the Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

      (b)      Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from commencing, instituting,

5

maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiff Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

9. Upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claims.

10. In accordance with 15 U.S.C. § 78u-4(f)(7)(A) and pursuant to federal common law, any and all claims which are brought by any person against Defendants (a) for contribution or indemnification arising out of any Released Plaintiffs' Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to Class Representative or the Class, are hereby permanently barred and discharged. Any such claims brought by Defendants against any person (other than non-Defendant persons whose liability to Class Representative or the Class is extinguished by this Judgment) are likewise permanently barred and discharged. Provided, however, that nothing in this paragraph or Stipulation shall preclude Defendants from seeking to enforce any rights they may have under their applicable insurance policies or any right of indemnification or contribution that the Individual Defendants may have under contract or Tivity governing documents.

11. Notwithstanding paragraphs 8–10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of

6

the Action.

13. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against Class Representative or any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Class Representative or any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable in this Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Class Representative or any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such

7

proceedings as may be necessary to effectuate the provisions of the Stipulation; or;

      (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the administration and distribution of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel and reimbursement of expenses to the Class Representative that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Class Representative and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Class Representative and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be

vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation.

17.     **Entry of Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE